# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kelly Lauer and Karla Lauer, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 05 C 3911 |
| -vs- ) | |
| ) | JUDGE GEORGE W. LINDBERG |
| Mason, Silver, Wenk & Mishkin, LLC, and ) | |
| Timothy E. Hirsch, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Kelly Lauer and Karla Lauer ("plaintiffs") bring a three count amended complaint against Mason, Silver, Wenk & Mishkin, LLC ("Mason") and Timothy E. Hirsch ("Hirsch") (collectively "defendants"). Counts I and II allege violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. 1692 *et seq.*, and Count III alleges a state law claim of intentional infliction of emotional distress ("IIED"). Defendants move to dismiss all counts for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, this court dismisses Counts I and II with prejudice and Count III without prejudice.

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court must accept as true all well-pleaded factual allegations in the complaint and draw inferences in the light most favorable to the non-moving party. *Hager v. City of West Peoria*, 84 F.3d 865, 868-869 (7th Cir. 1996). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts under which relief may be granted. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).

05 C 3911

Plaintiffs' home was destroyed in a fire and plaintiffs' insurance company hired Laurens Restoration ("Laurens") (not a party to this action) to clean, restore, and store plaintiffs' possessions that were salvaged from the fire. Plaintiffs' insurance company denied coverage for the fire and Laurens claimed plaintiffs owe Laurens money for the services performed. Laurens hired Mason, a law firm, to represent it in attempting to collect the debt from plaintiffs. Hirsch, an attorney at Mason, was assigned to the case. On July 15, 2004, Hirsch sent a letter to plaintiffs' former counsel, Andrew M. Plunkett, demanding payment of the outstanding balance to Laurens. After an unsuccessful attempt to settle the case through mediation, on February 4, 2005, Hirsch sent a second letter to plaintiffs' current counsel, Christopher Langone, that also demanded payment of the debt to Laurens.

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In Count I plaintiffs allege that defendants violated the FDCPA by failing to send a validation notice as required by section 1692g of the Act. Section 1692g requires:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing. . . .

15 U.S.C. § 1692g(a).

The written notice must contain several statements, including one that informs the consumer that

2

he has 30 days to dispute the debt, the amount of debt, and the name of the creditor to whom the debt is owed. *Id.*

There is no doubt that attorneys can be "debt collectors" under the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291, 293 (1995) (holding that the term "debt collector" in the FDCPA applies to a lawyer who "regularly" tries to collect consumer debts.) Although defendants contest their status as "debt collectors" under the Act, the court will assume without holding for the purpose of this motion only that defendants are "debt collectors" under the Act. It is equally clear that the letters sent to plaintiffs' attorneys regarding the debt are "communications" for the purpose of the Act. *See e.g. Phillips v. North American Capital Corp.*, 1999 WL 299872, at *3 (N.D. Ill. 1999); *Tromba v. M.R.S. Associates*, 323 F.Supp. 2d 424, 427 (E.D.N.Y. 2004). Furthermore, defendants admit that a validation notice was not sent within five days of the letters sent to plaintiffs' counsel. What is in dispute is whether plaintiffs state a claim for violation of the FDCPA based on communications from a debt collector addressed and sent to the consumer's attorney. Resolving that issue requires the court to decide whether a communication addressed and sent to a consumer's attorney is a communication with a consumer for the purposes of the Act.

Plaintiffs have not pointed to, and the court is unaware of, any decisions holding that communications sent to a debtor's attorney *are* actionable under the FDCPA, nor have the parties cited any authority from the Supreme Court or the Seventh Circuit on this issue. However, the Second Circuit has discussed it in dicta in *Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002). The *Kropelnicki* court stated that alleged misrepresentations to attorneys cannot

constitute violations of the FDCPA. *Id.* at 127. It explained that "[w]here an attorney is interposed as an intermediary between a debt collector and the consumer, we assume the attorney, rather than the FDCPA will protect the consumer from a debt collector's fraudulent or harassing behavior." *Id.* at 128. District courts that have considered the issue have come to the same conclusion. *See Tromba v. M.R.S. Associates, Inc.* 323 F.Supp.2d 424, 428 (E.D.N.Y. 2004) ("Plaintiff has no cause of action under the FDCPA where a communication was solely directed to her attorney and no threat was made regarding contact with the debtor herself."); *Phillips v. North American Capital Corp.*, 1999 WL 299872, at *3 (N.D. Ill. 1999) ("while the FDCPA prohibits certain communications with a 'consumer,' the statute does not prohibit such communications with a consumer's attorney.")

This is consistent with the purpose of the statute. Congress's purpose in enacting the FDCPA was to "eliminate abusive debt practices by debt collectors . . . [and] to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Seventh Circuit has recognized that the FDCPA protects consumers who may be "uninformed, naive, or trusting." *E.g. Gammon v. GC Services Ltd. Partnership*, 27 F.3d 1154, 1157 (7th Cir. 1994). When communications are addressed and sent to counsel instead of to the consumer, the need to protect the "uninformed, naive, or trusting" consumer is not present. As this court has said, "[t]he underlying rationale of the statute–protecting unsophisticated consumers–does not support a ban on communications with consumers' attorneys, who presumably have a higher level of sophistication." *Phillips v. North American Capital Corporation*, 1999 WL 299872, at *3 (N.D. Ill. 1999).

05 C 3911

Plaintiffs' arguments that they state a claim under the FDCPA based on communications to their attorneys are unconvincing. First, they argue that the plain language of the statute requires the court to find that they state a claim under the FDCPA based on these communications. Section 1692g states that a validation notice must be sent within five days after the "initial communication with a consumer." 15 U.S.C. § 1692g. Under the Act, "communication" means "the conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* at § 1692a(2). Plaintiffs argue that the letters were indirect communications to plaintiffs (the consumers) and therefore a validation notice was required. The problem with this argument is that both letters were addressed to the attorney, and not to plaintiffs. Courts have recognized that if the communications are sent to the consumer "care of" the attorney, they might constitution indirect communications with the consumer. *See e.g. Ahmed v. I.C. System, Inc.*, 2005 WL 3533111, at *4 (W.D. Pa. 2005) ("The Court concludes that the statute is implicated at least in situations such as this, where the notices are sent to plaintiff, albeit at her attorney's address, and their text is plainly addressed to plaintiff and not to her attorney.") That is not the situation in this case. Here, defendants addressed both letters to counsel and not to plaintiffs. The court cannot agree that these letters constitute communications to a consumer that would be actionable under the FDCPA.

Next plaintiffs point out that none of the cases cited by defendants specifically hold that the duty to send a validation notice under § 1692g does not apply when the "initial communication" was sent to debtor's counsel. While this is true, the cases do hold generally that debtors cannot state a claim under the FDCPA based on actions directed at counsel. Defendants

5

do not argue, nor would it be a viable argument, that letters sent by a debt collector to counsel for a debtor are not "communications." Certainly the letters in this case were "communications," but because they were addressed only to plaintiffs' counsel, they were not communications with a consumer.

Finally, plaintiffs argue that defendants are not entitled to an "attorney exemption" under the FDCPA and the letters to plaintiffs' counsel should therefore be regulated by the Act. Plaintiffs rely on the repeal by Congress of the attorney exemption that existed under an earlier version of the Act. However, this reliance is misplaced because the former exemption exempted attorney debt collectors from the requirements of the Act by saying that the term "debt collector" did not include "any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client." Pub.L. 95-109, § 803(6)(F), 91 Stat. 874, 875. In 1986 when it eliminated the exemption, Congress did not speak to whether communications addressed to attorneys are regulated by the Act. In *Heintz v. Jenkins*, the Supreme Court held that after the repeal of the exemption the term "debt collector" applies to a "lawyer who 'regularly' *through litigation*, tries to collect consumer debts." 514 U.S. 291, 292 (1995) (emphasis in original). This holding does not help plaintiffs as defendants' argument does not rely on the assumption that defendants are *not* debt collectors, but rather turns on whether communications *to* attorneys for the consumer-debtor are actionable under the FDCPA. Count I is dismissed because Plaintiffs do not state a claim under the FDCPA based on communications to their attorneys.

In Count II plaintiffs allege defendants violated the FDCPA because the letters constituted "harassment or abuse" in violation of § 1692d of the Act and because the letters

were "unfair and unconscionable" in violation of § 1692f of the Act. Section 1692d of the Act prohibits a debt collector from engaging in practices which would "harass, oppress, or abuse," and includes a non-exhaustive list of practices that would violate that section. *Id*. at § 1692d. Section 1692f of the Act prohibits a debt collector from using "unfair or unconscionable means" to collect a debt and also includes a non-exhaustive list of practices that violate the section. *Id*. at § 1692f. The court need not reach the merits of these allegations. This count is dismissed for the same reasons as Count I: that plaintiffs do not state a claim based on communications sent by defendants to plaintiffs' attorneys.

Defendants also make an alternative argument, as to defendant Hirsch, that Counts I and II must be dismissed as barred by the one year statute of limitations. Hirsch was added as a defendant in the amended complaint that was filed on August 25th, 2005, more than one year after the first letter was sent. Plaintiffs admit that the statute of limitations had run on the claims based on the first letter by the time of the filing of the amended complaint but argue that the claims against Hirsch were proper because they "relate back" to the time of the original filing. *See* Fed. R. Civ. P. 15(c). It is unnecessary to decide whether the claims in fact meet the requirements for "relation back" under the standard set forth in Federal Rule of Civil Procedure 15(c) since the court dismisses the FDCPA claims against defendant Hirsch and defendant Mason on other grounds

Count III is a state law claim of IIED. Defendants argue that the court should dismiss this claim because plaintiffs do not allege conduct sufficient to meet the Illinois standard for IIED. In response to this argument, plaintiffs point out that a 12(b)(6) motion to dismiss is not

05 C 3911

the proper time to decide the claim on the merits and that they have stated a claim sufficient under notice pleading standards. Alternatively, defendants argue that if plaintiffs' federal claims under the FDCPA are dismissed, the court should also dismiss the IIED claim for lack of jurisdiction. The court need not decide whether plaintiffs' complaint states a claim for IIED since it dismisses Count III on the alternative ground argued by defendant. Once a district court has dismissed all federal claims, it may decline to exercise supplemental jurisdiction over a claim that forms part of the same case or controversy as the claim over which it had original jurisdiction. 28 U.S.C. § 1367. Having dismissed the FDCPA claims, the court declines to exercise supplemental jurisdiction over plaintiffs' remaining IIED claim.

**ORDERED:** Defendants' motion to dismiss is granted in its entirety. Counts I and II are dismissed with prejudice. Count III is dismissed without prejudice.

Judgment in favor of defendants Mason, Silver, Wenk & Mishkin, LLC and Timothy Hirsch, and against plaintiffs Kelly Lauer and Karla Lauer, dismissing Counts I and II of the amended complaint with prejudice; and dismissing Count III without prejudice, will be set forth on a separate document and entered in the civil docket. Fed. R. Civ. P. 58(a)(1), (b)(2), 79(a).

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: April 17, 2006